Darren J. Quinn (149679)
LAW OFFICES OF DARREN J. QUINN
12702 Via Cortina, Suite 105
Del Mar, CA 92014
Tel: 858-509-9401

*Attorneys for Plaintiff WELDENTAL LLC*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WELDENTAL LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MAX LEONESIO, an individual, FOREARTHBYUS, an unknown business entity, GRAMERCY SQUARE HOLDINGS LLC, an unknown business entity, RN ENTERPRISE HOLDINGS PTY LTD, an Australia limited liability company,<br><br>Defendant. | CASE NO. '22CV1250 JO MSB<br><br>**COMPLAINT**<br><br>**DEMAND FOR A JURY TRIAL** |

Plaintiff WELDENTAL LLC makes the following allegations on information and belief:

**NATURE OF THE ACTION**

1. This is an action for: (1) infringement or counterfeiting of a registered trademark under 15 U.S.C. §1114; and (2) federal unfair competition under 15 U.S.C. §1125(a).

2. Plaintiff is the owner of the federal registered trademark for the words "CHEW BRUSH SMILE" for solid toothpaste tablets in Class 3, Reg. No. 6,193,354.

3. Defendants manufacture and/or sell solid toothpaste tablets that are packaged and/or marketed with counterfeit and/or infringing uses of plaintiff's "CHEW BRUSH SMILE" registered trademark.

**THE PARTIES**

4. Plaintiff WELDENTAL LLC is a Washington limited liability company ("WELDENTAL") with its principal place of business in the Southern District of California. Plaintiff is the owner of the "CHEW BRUSH SMILE" trademark (Reg. No. 6,193,354 for solid toothpaste tablets in Class 3) that was counterfeited and/or infringed by defendants.

5. Defendant MAX LEONESIO is an individual residing and/or working in California. On information and belief, defendant MAX LEONESIO materially participated in the counterfeiting and infringement alleged herein by creating, manufacturing, distributing and/or selling toothpaste tablet products containing "Chew, Brush, Smile!" On information and belief, defendant MAX LEONESIO participated in the offering for sale or sale of infringing product to persons located in the Southern District of California.

6. Defendant FOREARTHBYUS is an unknown business entity that identifies itself on Etsy.com as located in "LA, California" and indicates that it ships toothpaste tablet products containing "Chew, Brush, Smile!" from

"Riverside, CA." On information and belief, defendant FOREARTHBYUS materially participated in the counterfeiting and infringement alleged herein by creating, manufacturing, distributing and/or selling toothpaste tablet products containing "Chew, Brush, Smile!" The Etsy.com website identifies "Max" as the "Owner of forearthbyus." Defendant FOREARTHBYUS offered for sale and sold infringing product to persons located in the Southern District of California.

7. Defendant GRAMERCY SQUARE HOLDINGS LLC is an unknown business entity ("GRAMERCY SQUARE") that sells toothpaste tablet products containing "Chew, Brush, Smile!" on Amazon.com. On information and belief, defendant GRAMERCY SQUARE materially participated in the counterfeiting and infringement alleged herein by creating, manufacturing, distributing and/or selling toothpaste tablet products containing "Chew, Brush, Smile!" Defendant GRAMERCY SQUARE offered for sale and sold infringing product to persons located in the Southern District of California.

8. Defendant RN ENTERPRISE HOLDINGS PTY LTD is an Australia limited liability company ("RN ENTERPRISE HOLDINGS"). On information and belief, RN ENTERPRISE HOLDINGS does business in the United States, including sale of products under its federal registered trademark "FEBU" (Reg. No. 6306198). The infringing toothpaste tablet products that contain "Chew, Brush, Smile!" also contain "FEBU."

## **JURISDICTION AND VENUE**

9. This court has jurisdiction of this action under 28 U.S.C. §1331 (federal question), 28 U.S.C. §1338 (trademarks), and 15 U.S.C. §1121 (trademark and unfair competition under Lanham Act).

10. Defendants are subject to personal jurisdiction in this district.

a. Defendants purposefully directed their activities at residents in California and the Southern District of California.

b. Defendants intentionally solicit online orders through their

websites (or website stores). They control, sell and ship ordered products to California and the Southern District of California.

c. Defendants' act of selling solid toothpaste tablets that infringed plaintiff's "CHEW BRUSH SMILE" trademark was expressly aimed at California and the Southern District of California.

d. Defendants knew that plaintiff was located in California by, *inter alia*,

(i) plaintiff's www.weldental.com website that lists plaintiff's address in Carlsbad, CA; and

(ii) Trademark Office records for plaintiff's "CHEW BRUSH SMILE" trademark that list plaintiff's address in San Marcos, California.

e. Defendants knew that the brunt of the harm from infringement of plaintiff's "CHEW BRUSH SMILE" trademark was likely to be suffered in California.

f. Defendants' conduct that infringes plaintiff's "CHEW BRUSH SMILE" trademark has harmed plaintiff in the Southern District of California.

g. The court's exercise of jurisdiction in California is reasonable and fair against each of the defendants.

11. Venue is proper in this district under 28 U.S.C. §1391.

a. Defendants are deemed to reside in any judicial district in which defendant is subject to the court's personal jurisdiction pursuant to 28 U.S.C. §1391(b)(1), (c)(2) and (d).

b. This is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated pursuant to 28 U.S.C. §1391(b)(2).

**BACKGROUND**

12. Plaintiff has sold toothpaste tablets with its "CHEW BRUSH SMILE" trademark since at least February 11, 2020 when plaintiff filed its trademark applications with the Trademark Office for those trademarks.

a. Plaintiff has sold toothpaste tablets using its "CHEW BRUSH SMILE" trademark on its website www.weldental.com.

b. Plaintiff has sold toothpaste tablets using its "CHEW BRUSH SMILE" trademark on www.Amazon.com through its WELdental store.

13. Plaintiff has used its "CHEW BRUSH SMILE" trademark on its toothpaste tablet packaging since shortly after December 17, 2018 for toothpaste tablets sold on plaintiff's website. Exemplars of plaintiff's packaging are below:






14. On November 10, 2020, the Trademark Office issued plaintiff federal registration no. 6,193,354 for "CHEW BRUSH SMILE" for solid toothpaste tablets in Class 3.

15. Plaintiff's trademark registration for "CHEW BRUSH SMILE" (Reg.6,193,354) provides: "THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR."

16. After plaintiff began using its "CHEW BRUSH SMILE" trademark for solid toothpaste tablets, defendants started using "Chew. Brush. Smile!" on its packaging and advertising.

a. Defendants used "Chew. Brush. Smile!" on their 120 Toothpaste Tablet packaging.

b. Defendants used "Chew. Brush. Smile!" on their 20 Toothpaste Tablet packaging;

c. Defendants' advertising on Etsy.com used "Chew, Brush, Smile"

d. Defendants' advertising on Amazon.com used "Chew, Brush, Smile"

17. Defendants' use of "Chew, Brush Smile!" on packaging and "CHEW, BRUSH, SMILE" on advertising is identical or substantially indistinguishable from plaintiff's registered trademark for "CHEW BRUSH SMILE" (Reg.6,193,354) that authorizes plaintiff to use those words in any font style, size or color.

a. Defendants' use of "Chew, Brush Smile!" on packaging and "CHEW, BRUSH, SMILE" on advertising copies or simulates plaintiff's genuine "CHEW BRUSH SMILE" mark (Reg.6,193,354) .

b. Defendants' use of "Chew, Brush Smile!" on packaging and "CHEW, BRUSH, SMILE" on advertising is not genuine or

authentic.

c. Defendants' use of "Chew, Brush Smile!" on packaging and "CHEW, BRUSH, SMILE" on advertising is likely to deceive as to origin. Consumers are likely to believe that defendants and/or their products are authorized by plaintiff, connected to plaintiff and/or licensed, affiliated with and/or sponsored by plaintiff, when in fact they are not. Defendants currently sell or have sold the following toothpaste tablets that use "CHEW BRUSH SMILE" in a manner likely to cause confusion, or to cause mistake, or to deceive as to source:

18. Plaintiff is suffering irreparable injury as a result of defendants' unauthorized and confusing use of plaintiff's "CHEW BRUSH SMILE" trademark. The natural and intended byproduct of defendants' actions is the erosion and destruction of the goodwill associated with plaintiff's trademark and the destruction of the legitimate market sector in which it operates.

19. Defendants have infringed in the past and threaten to infringe in the future.

20. Defendants would suffer no cognizable harm from ceasing infringing conduct.

a. Defendants sell many products, so they would suffer little harm if they stopped selling the products at issue in this lawsuit.

b. Plaintiff will suffer great harm to its competitive position and business if defendants sell products that infringe plaintiff's trademark rights.

21. The public interest will be served when it protects plaintiff from infringement of its trademark rights.

22. Plaintiff has no adequate remedy at law.

23. If defendants' infringing activities are not preliminarily and

permanently enjoined by this Court, plaintiff and the consuming public will continue to be harmed.

**FIRST CAUSE OF ACTION**
**(Trademark Infringement)**
**(15 U.S.C. §1114)**

24. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 23 of this Complaint.

25. Defendants infringed plaintiff's trademark rights under 15 U.S.C. §1114.

26. Plaintiff is the owner of the registered word mark "CHEW BRUSH SMILE" (Reg. No. 6,193,354). The registration provides, in part: "THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR."

27. Without plaintiff's consent, defendants used in commerce a reproduction, counterfeit, copy, or colorable imitation of plaintiff's registered "CHEW BRUSH SMILE" word mark in connection with the sale, offering for sale, distribution, or advertising of solid toothpaste tablets in Class 3 or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

28. Without plaintiff's consent, defendants reproduced, counterfeited, copied, or colorably imitated plaintiff's registered "CHEW BRUSH SMILE" word mark and applied such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of solid toothpaste tablets in Class 3 or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

29. Defendants' use of the words "chew. brush. smile" on solid toothpaste tablets constitutes a counterfeit mark under 15 U.S.C. §1116(d)(1)(B).

30. Defendants' use of the words "Chew, Brush Smile!" on packaging and "CHEW, BRUSH, SMILE" on advertising is likely to cause confusion, or to cause mistake, or to deceive.

a. Plaintiff's mark is strong because it does not describe a quality or characteristic of toothpaste tablets.

b. Plaintiff and each of the defendants sell toothpaste tablets.

c. Plaintiff's registered mark for "CHEW BRUSH SMILE" and defendants' use of "Chew, Brush Smile!" on packaging and "CHEW, BRUSH, SMILE" on advertising substantially look the same, sound the same and mean the same.

d. Plaintiff and each of the defendants sell on the Internet.

e. The degree of consumer care for toothpaste tablets is low because the price for toothpaste tablets is low.

f. On information and belief, defendants copied elements from plaintiff's packaging, including "CHEW BRUSH SMILE." Defendants knowingly adopted "Chew, Brush Smile!" on packaging and "CHEW, BRUSH, SMILE" on advertising knowing that it was identical or similar to plaintiff's registered mark.

g. On information and belief, defendants had actual or constructive knowledge of plaintiff's trademark rights in "CHEW BRUSH SMILE" through publicly available trademark searches of pending and registered federal trademarks.

h. As the registered mark holder, plaintiff may expand its sales of its authentic "CHEW BRUSH SMILE" solid toothpaste tablet product in every market currently being used by defendants.

31. Pursuant to 15 U.S.C. §1116, plaintiff requests an injunction against defendants to prevent the further violation of 15 U.S.C. §1114 and directing defendants to file with the Court and serve on plaintiff a report in writing, under

oath, setting forth in detail the manner and form in which defendants have complied with the injunction.

32. Pursuant to 15 U.S.C. §1116(d)(1)(A), plaintiff requests the court, upon *ex parte* application, grant an order providing for the seizure of goods and counterfeit marks involved in such violation and the means of making such marks, and records documenting the manufacturer, sale, or receipt of things involved in such violation.

33. Pursuant to 15 U.S.C §1117, plaintiff is entitled and seeks to recover:

a. Each defendant's profits;

b. Any and all damages sustained by plaintiff;

c. Treble damages or profits;

d. Statutory damages for use of counterfeit marks, at plaintiff's election, not less than $1,000 or more than $200,000 per counterfeit mark per type of goods sold, offered for sale, or distributed, as the court considers just; or, if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just.

e. Costs of the action; and

f. Reasonable attorney fees per statute.

## SECOND CAUSE OF ACTION
**(Federal Unfair Competition)**
**(15 U.S.C. §1125(a))**

34. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 33 of this Complaint.

35. In violation of 15 U.S.C. §1125(a), defendants, on or in connection with goods, or a container for goods, used in commerce a word, term, name, symbol, or device, or any combination thereof, or a false designation of origin which is likely to cause confusion, or to cause mistake, or to deceive as to the

affiliation, connection, or association of defendants with plaintiff, or as to the origin, sponsorship, or approval of defendants' goods, or the commercial activities of plaintiff.

36. Plaintiff believes that it is likely to be damaged by such violation of 15 U.S.C. §1125(a).

37. Pursuant to 15 U.S.C. §1116, plaintiff requests an injunction against defendants to prevent the further violation of 15 U.S.C. §1125(a) and directing defendants to file with the Court and serve on plaintiff a report in writing, under oath, setting forth in detail the manner and form in which defendants have complied with the injunction.

38. Pursuant to 15 U.S.C §1117, plaintiff is entitled and seeks to recover:

a. Each defendant's profits;

b. Any and all damages sustained by plaintiff;

c. Treble damages or profits;

d. Costs of the action; and

e. Reasonable attorney fees per statute.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for judgment and/or orders as follows:

1. Defendants' profits pursuant to 15 U.S.C §1117.

2. Any and all damages sustained by plaintiff pursuant to 15 U.S.C §1117.

3. Statutory damages for use of counterfeit marks, at plaintiff's election, not less than $1,000 or more than $200,000 per counterfeit mark per type of goods sold, offered for sale, or distributed, as the court considers just; or if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just pursuant to 15 U.S.C. §1117.

4. Treble damages or profits pursuant to 15 U.S.C §1117.

5. Reasonable attorney fees pursuant to 15 U.S.C §1117.

6. Prejudgment interest.

7. Equitable relief, including a preliminary or permanent injunction pursuant to 15 U.S.C. §1116, and directing defendants to file with the Court and serve on plaintiff a report in writing, under oath, setting forth in detail the manner and form in which defendants have complied with the injunction.

8. An *ex parte* order providing for the seizure of goods and counterfeit marks involved in such violation and the means of making such marks, and records documenting the manufacture, sale, or receipt of things involved in such violation pursuant to 15 U.S.C. §1116(d)(1)(A).

9. A constructive trust for the benefit of plaintiff of all gains, profits and advantages derived by defendants from their acts of infringement and other violations of law to avoid dissipation and/or fraudulent transfers of such monies by defendants.

10. A jury trial on all claims so triable.

11. Such other and further relief as the court may deem necessary or appropriate.

Dated: August 23, 2022

LAW OFFICES OF DARREN J. QUINN
DARREN J. QUINN

s/s Darren J. Quinn
Darren J. Quinn

12702 Via Cortina, Suite 105
Del Mar, CA 92014
Telephone: 858-509-9401

*Attorneys for Plaintiff WELDENTAL LLC*

## DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury on all causes of action so triable.

Dated: August 23, 2022

Respectfully submitted,

LAW OFFICES OF DARREN J. QUINN
DARREN J. QUINN

s/s/ Darren J. Quinn
Darren J. Quinn

12702 Via Cortina, Suite 105
Del Mar, CA 92014
Telephone: 858-509-9401

*Attorneys for Plaintiff WELDENTAL, LLC*